PETITION FOR RE-HEARING.
The appellants in the above entitled cause respectfully petition the Honorable-Supreme Court for a re-hearing- in said cause. They do so for the reason, among others, that the honorable judge who wrote out the opinion was not put in possession of a copy of the brief furnished the court, and owing to that circumstance, in all probability, the record seems to have been misconceived.
It is suggested by appellants that the controlling points on which the cause was carried to the Supreme Court have not been adjudicated; and they therefore respectfully pray that they may again be heard in said cause, and that they may be permitted to furnish briefs anew.
Respectfullv submitted.
SHERWOOD & GODDARD,
Of comise! for appellants..
*77 LIPSCOMB, J. The only ground on which the injunction could properly have been granted in this case, is the issuing and levying another execution on tiie cattle, after the question of the levy made upon the negro Phillip, by the first execution, had been taken to this court, by appeal from the judgment of the District Court quashing that levy and return. If that levy had been valid, the plaintiffs in the execution could have had no other until it had been shown that the levy, so first made, was not sufficient. Frima facie, it was sufficient; and a levy of the goods of the defendant is presumed to be sufficient, and to the full extent of their value, is payment pro tanto. The sheriff may show, that at a sale, they did not sell for enough to pay and satisfy the execution; or, that the property was sold, and the proceeds of the sale applied to the satisfaction of an older execution; or on a judgment older that had not lost its lien.
l'/hilst the appeal from the judgment quashing the levy and return was pending in this court, no other execution could legally have issued, nor could there have been a new levy made. The execution issued and levied on the cattle was invalid, aud ought to have been quashed, aud the plaiutiffs in the execution enjoined from issuing another, until the appeal had been disposed of by this court. After the- judgment of tiie District Court had been affirmed by this court, tiie plaintiffs in the execution could then have sued out an alias. The suing out another execution whilst the appeal was pending was sufficient ground for relief.
Tiie court below seems to have taken a correct view of tiie illegality of the execution so sued out; and, by its decree, quashed it; aud so far the decree is right; but there was no ground for decreeing judgment against tiie security iii tiie injunction bond, aud against the appellant, for the amount of the judgment and costs. The injunction was properly dissolved after the affirmance of the judgment of the District Court, quashing the levy and return of the first execution, had been rendered by this court. It was error to render the j udgment against the appellants and the securities for the amount of the original judgment. That judgment had never been enjoined, and the error of the plaintiffs in tiie oxecutiouhad created the necessity for the appellants’ instituting these proceedings. Tiie injunction would never have been asked for nor granted if (he second execution had not been unlawfully sued out.
The wrong having been committed by the plaiutiffs in the execution, it is no more than right that they should pay ail the costs of such wrong. We believe, therefore, that tiie District Court erred in its decree; and that for such error, the decree must be reversed, and rendered as the District Court ought to have rendered it. The verdict of the jury is thrown out of consideration of the case as wholly unimportant, and founded upon a question that they had nothing whatever to do with, it being on the legality of tiie second execution which, upon the record, was a question of law, and not of fact.
It is therefore ordered, adjudged, and decreed, that so much of the decree of the District Court as quashed tiie execution, and the levy on tiie cattle made by the same', and so much of the said decree as dissolved the injunction, is affirmed; and it is ordered, adjudged, and decreed, that so much of the said decree and judgment as rendered a judgment against the appellants and their sureties in tiie injunction bond, be, and tiie samé is hereby reversed and annulled ; and it is further ordered, adjudged, aud decreed, that so much of the said decree as decreed the costs to be paid by the appellants, be also reversed; and it is further decreed that the appellants recover of the appellees all costs of this court and of the court below; and it is ordered that this decree'be certified to the court below for its observance.
Reversed and reformed.
Note 26. — Prewitt v. Everett, post 283; Pennell v. Lovett, 15 T., 265. The judgment of the court refusing a continuance will not be revised, unless the party asking a reversal on that ground, has reserved the point by a bill of exceptions. Campion v. Angier. 16 T., 93; Parker v. McKelvain, 17 T., 157; Dangerfield v. Paschal, 20 T., 536; Harrison v. Cotton, 25 T., 53; McMahan v. Busby, 29 T., 191.
*78 Note 27. — A levy upon personal property sufficient to satisfy the execution has been held, as between the debtor and creditor, a satisfaction of the debt; but is held otherwise of a levy upon land. White v. Graves, 15 T., 183.